UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

PATRICK JAISINGH,  **AMENDED CLASS ACTION COMPLAINT**

        Plaintiff,  **DEMAND FOR JURY TRIAL**

   -against-

ARS NATIONAL SERVICES, INC.,

        Defendant.

------------------------------------------------------X

Plaintiff PATRICK JAISINGH ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant ARS NATIONAL SERVICES, INC. (hereinafter referred to as "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Section 1692 et. Seq. of Title 15 of the United States Code, commonly referred to as the Fair Dept Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff PATRICK JAISINGH is a resident of the State of New York, residing at 8727 133rd Street, Richmond Hill, New York 11418-2810.

3. Defendant ARS NATIONAL SERVICES, INC. is a corporation duly organized and existing under the laws of the State of California and engaged in the business of collecting debts with their main office at 201 West Grand Avenue, Escondido, CA 92025.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC Section 1692 a (3

5. The Defendant is a "debt collector" as the phrase is defined and used in FDCPA under 15 USC Section 1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC Section 1331, as well as 15USC Section 1692 et.seq. and 28 U.S.C. Section 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in This action pursuant to 28 U.S.C. Section 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is

Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violates various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated provisions of the FDCPA; (ii)Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii)Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory

formula to be applied in determining such damages and restitution; and

(iv)Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. Section 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18.     Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling:  (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21. Plaintiffs repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23. Upon information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communications with the Plaintiff by writing to Plaintiff.

24. On or about December 5, 2013, Plaintiff received a mass-produced letter from Defendant addressed "Dear Sir/Madam" and dated November 28, 2013. Defendant's letter is attached hereto as Exhibit "A."

25. Defendant's letter arrived by United States mail at Plaintiff's home in an USPS window envelope, in which window number "15078-623," Plaintiff's name and address were visible.

26. Defendant's letter referenced $315.78 owed to a creditor and began: "Opportunity! You may resolve your account with payments of $15.79 a month until the balance is paid. All you have to do is return your first payment of $15.79 by 12-14-2013. You may contact us at any time to find out about a settlement on the remaining balance of your account. It is that easy. Your payments must reach this office by the due date every month or this offer will become null and void."

## FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. 15 USC §1692 e – preface prohibits a debt collector from using any false, deceptive or misleading representation or means in the connection with the collection of any debt.

29. Defendant violated 15 USC §1692 e – preface by creating written notifications for mass distribution to consumers which deceptively inform them that they are being given an "Opportunity!" They are then directed to make a payment of a certain amount every month until their balance is paid and that if the payment does not "reach this office" by an unidentified "due date," the "offer will become null and void." Defendants follow this information by informing consumers that they may contact Defendant at any time about a settlement on the remaining balance of their account, stating, "It's that easy." In fact, consumers and Plaintiff are deceptively prevented from knowing what Defendant means by "opportunity" or what "offer" will be rescinded if a payment does not arrive in the mail on a certain date. Will the offer of a payment plan be "null and void" if a payment is late? Would the consumer's check be returned or would it be applied to the balance owed, would interest or penalties be applied? Defendant provides no further information as to the consequences of a payment arriving late in their office or any information about a settlement offer at a reduced balance unless the consumer calls Defendant. In fact, Defendant's letter is designed to misleadingly appear as an appealing offer in order to compel consumers to contact Defendant by telephone and be subjected to further debt

collection activities, the only other choice being to agree to terms in which the details and consequences are purposely obscured or withheld.

30.     15 USC §1692 f –preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

31.     The Defendant violated 15 USC §1692 f –preface by writing to consumers to offer payment plans and possible settlement offers which unfairly and unconscionably obscure the consequences to the consumer should they accept them. Defendant's notice, exemplified by Defendant's letter to Plaintiff dated November 29, 2013, fails to provide clear information about its offer, adopting language which leaves Defendant free to revoke their offer in its entirety should one of the monthly installments be late. Defendant unfairly leaves consumers to guess what would occur if they proceed to send checks to Defendant and after several months a payment is delayed by the postal service or a holiday, or arrives a day late, most significantly, would this payment which failed to adhere to the "reach this office by the due date" rule be applied to the outstanding debt?  Would penalties be applied?  Would the payment arrangement be irrevocably discontinued?  How would this effect previous payments?  Plaintiff's ability to determine what Defendant's offer entails is stymied by Defendant who unfairly and unconscionably sends these mass produced form notices addressed to "Sir/Madam" to consumers offering a benefit while keeping the consumer in the dark as to precisely when, how and under what terms their payments would actually settle their account.

32.   Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A.   For actual damages provided and pursuant to 15 USC §1692k (a) (1);

B.   For statutory damages provided and pursuant to 15 USC §1692(2)(A);

C.   For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

D.   For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

E.   A declaration that the Defendant's practices violated the FDCPA;

F.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   New York, New York
         December 2, 2014

Respectfully submitted,

By: _____
Edward B. Geller, Esq., P.C., Of Counsel
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930
Facsimile: (212) 330-7582
*Attorney for the Plaintiff PATRICK JAISINGH*

To:   ARS National Services
      201 West Grand Avenue
      Escondido, CA 92035

(*Via Prescribed Service*)

Clerk,
United States District Court, Eastern District of New York

(*For Filing Purposes*)